**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>TMR, LLC (lead case),<br><br>Debtor. | Case No. 17-45907-705<br>Chapter 11<br><br>Jointly Administered |
| DAC, INCORPORATED,<br><br>Debtor. | Case No. 17-48021-705<br><br>Response Date: October 16, 2018<br>Hearing Date: October 23, 2018<br>Hearing Time: 10:00 a.m. CST<br>Hearing Location: Courtroom 7 South |

### DAC, INCORPORATED'S MOTION FOR ORDER AUTHORIZING AUCTION SALE OF CERTAIN EQUIPMENT FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

COMES NOW DAC, Incorporated ("DAC"), by and through counsel, and for DAC Incorporated's Motion for Order Authorizing Auction Sale of Certain Equipment Free and Clear of All Liens, Claims and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, states to the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 363 and 365.

2. This is a core proceeding under 11 U.S.C. § 157(b)(2)(A), (N), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On November 22, 2017 (the "Petition Date"), DAC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, in this Court. DAC is continuing to operate its businesses as a debtor in possession.

5. DAC seeks to sell certain equipment (the "Equipment), listed in Exhibit A attached hereto and incorporated. First State Community Bank ("First State") holds a valid and perfected first lien in the Equipment. Except as otherwise agreed with First State or approved by Order of Court, DAC will pay the net proceeds of sale to First State thereby reducing the Allowed Secured Claim of First State and DAC's monthly payments on such Allowed Claim.

## APPROVAL OF AUCTION SALE OF EQUIPMENT

6. Contemporaneously with filing of this Motion, DAC is filing an Application to Employ Bill Cockrum Liquidations, LLC to Conduct Auction Sale of Equipment (the "Application"). Bill Cockrum Liquidations, LLC ("BCL") will market the Equipment for a minimum of two weeks prior to the auction. Public inspection of the Equipment by potential bidders will occur on the date of the auction. The auction will take place in November as agreed between DAC and BCL. Purchased Equipment can be removed the day of the auction upon payment in full of the winning bid amounts.

## SALE OF ASSETS PURSUANT TO SECTION 11 U.S.C. § 363

7. DAC requests that the Court authorize the sale of the Equipment pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, encumbrances and claims (as such term is defined in Section 101(5) of the Bankruptcy Code), with such liens, claims and encumbrances to attach to the net sale proceeds.

8. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion. Courts generally permit a debtor to sell property of the estate outside of the ordinary course where the proposed sale is a sound exercise of the debtor's business judgment and when such sale is for fair and reasonable consideration and is in good faith. *See, In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Channel One Commc'n, Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

9. The Debtor has determined that, in its business judgment, the sale of the Equipment is in the best interests of DAC's Chapter 11 estate as net proceeds of the sale will reduce DAC's debt service and may assist with costs of any relocation from 1100 Stafford Street into 1200 Stafford Street or another location in the event of sale or a long-term lease of 1100 Stafford. Further, the Equipment is no longer required for DAC to operate its business.

10. The proposed auction sales of Equipment will be at arms-length and for fair and reasonable consideration, in good faith and will not unfairly benefit any insiders or creditors of DAC.

## SALE FREE AND CLEAR OF ALL LIENS

11. Section 363(f) of the Bankruptcy Code authorizes a debtor to use, sell, or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property. The Equipment is to be sold free and clear of all liens, encumbrances and claims (as such term is defined in section 101(5) of the Bankruptcy Code), with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force, and

effect that such liens, claim and encumbrances had on such assets prior to the closing of the proposed sale.

12. Certain lenders to Debtor assert liens upon, and security interests in the Equipment as follows:

    a) First State Community Bank ("First Sate");

    b) American Express Bank ("AE Bank"); and

    c) Itria Ventures, LLC ("Itria").

13. Under Section 363(f)(2) of the Bankruptcy Code, a sale free and clear of such liens is permissible if, among other things, (i) applicable non-bankruptcy law permits sale of such property free and clear of such interests, or (ii) the secured lienholders consent. In this case, the Debtor has the consent of First State, the first lienholder, and the amount of First State's claim exceeds the anticipated net proceeds of sale.

## ALLOCATION AND PAYMENT OF SALE PROCEEDS

14. DAC requests that the Court approve payment of the net proceeds received from the Equipment as follows:

    a) First, payment in full of a commission in the amount of fifteen percent (15%) of Equipment sale proceeds, plus expenses of $3,000 for marketing, to BCL;

    b) The balance to First State except as otherwise agreed between First State and DAC or approved by this Court.

## NOTICE

15. Notice of this Motion has been provided to: (a) the United States Trustee; (b) all creditors with liens in the Equipment; (c) those parties requesting notice in this case; and

(d) those persons and entities known to DAC as having expressed a bona fide interest in the purchase of the Equipment.

16. **Failure to File Responsive Pleading.** **If a response is not timely filed, the Court may enter an order granting the relief requested prior to hearing and may remove the motion or application from the Court calendar unless leave to file a late response is granted. If the respondent appears at the hearing but has failed to file a timely response, the Court may continue the hearing. The respondent shall immediately provide the movant with written and electronic (i.e., facsimile or e-mail but not only telephonic) notice of the continued hearing and shall file a certificate of service of such notice. L.R. 9013-1-D.**

## CONCLUSION

WHEREFORE, DAC hereby respectfully requests entry of an Order:

A. Approving the Auction Sale of the Equipment as set forth herein and in the BCL Contract to the Winning Bidder(s) free and clear of all liens, encumbrances, claims (as such term is defined in section 101(5) of the Bankruptcy Code) and security interests of whatever kind or nature;

B. Approving payment of net sale proceeds as set forth in paragraph 14 above; and

C. Granting DAC such further relief as the Court deems just and appropriate under the circumstances.

Dated: September 27, 2018
St. Louis, Missouri

                                                */s/ J. Talbot Sant, Jr.*
J. Talbot Sant, Jr., #35324MO
Affinity Law Group, LLC
1610 Des Peres Road, Suite 100
St. Louis, Missouri 63131
(314) 872-3333 Telephone
(314) 872-3365 Facsimile
tsant@affinitylawgrp.com

*Counsel for Debtor and Debtor-in-Possession, DAC, Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the U.S. Bankruptcy Court and has been served by the Court's CM/ECF system as shown on the Court's Electronic Mail Notice List on this 27th day of September, 2018.

                                                */s/ J. Talbot Sant, Jr.*